§ JS 44  (Rev. 12/07) (CAND Rev 1/10)

## CIVIL COVER SHEET

ORIGINAL

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

| I.  (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | DESTINATION HOTELS & RESORTS, INC. d/b/a RESORT AT SQUAW CREEK |

| **(b)**  County of Residence of First Listed Plaintiff<br>(EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed Defendant     Los Angeles / Placer<br>(IN U.S. PLAINTIFF CASES ONLY)<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE<br>LAND INVOLVED. |
|---|---|

| **(c)**  Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br>350 The Embarcadero, Suite 500<br>San Francisco, CA 94105<br>(415) 625-5651 | *MEJ*<br>E-filing      **ADR** |

### II.  BASIS OF JURISDICTION (Place an "X" in One Box Only)

[X] 1  U.S. Government Plaintiff

[ ] 2  U.S. Government Defendant

[ ] 3  Federal Question (U.S. Government Not a Party)

[ ] 4  Diversity (Indicate Citizenship of Parties in Item III)

### III.  CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV.  NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reapportionment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury— | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Med. Malpractice | [ ] 625 Drug Related Seizure | 28 USC 157 | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | Liability | [ ] 365 Personal Injury — | of Property 21 USC 881 | | [ ] 450 Commerce |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Product Liability | [ ] 630 Liquor Laws | **PROPERTY RIGHTS** | [ ] 460 Deportation |
| & Enforcement of Judgment | Slander | [ ] 368 Asbestos Personal | [ ] 640 R.R. & Truck | [ ] 820 Copyrights | [ ] 470 Racketeer Influenced and |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Injury Product | [ ] 650 Airline Regs. | [ ] 830 Patent | Corrupt Organizations |
| [ ] 152 Recovery of Defaulted | Liability | Liability | [ ] 660 Occupational | [ ] 840 Trademark | [ ] 480 Consumer Credit |
| Student Loans | [ ] 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | [ ] 490 Cable/Sat TV |
| (Excl. Veterans) | [ ] 345 Marine Product | [ ] 370 Other Fraud | [ ] 690 Other | | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment | Liability | [ ] 371 Truth in Lending | | | [ ] 850 Securities/Commodities/ |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | Property Damage | [ ] 710 Fair Labor Standards | [ ] 861 HIA (1395ff) | [ ] 875 Customer Challenge |
| [ ] 190 Other Contract | Product Liability | [ ] 385 Property Damage | Act | [ ] 862 Black Lung (923) | 12 USC 3410 |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal Injury | Product Liability | [ ] 720 Labor/Mgmt. Relations | [ ] 863 DIWC/DIWW (405(g)) | [ ] 890 Other Statutory Actions |
| [ ] 196 Franchise | | | [ ] 730 Labor/Mgmt.Reporting | [ ] 864 SSID Title XVI | [ ] 891 Agricultural Acts |
| | | **PRISONER** | & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PETITIONS** | [ ] 740 Railway Labor Act | | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motions to Vacate | [ ] 790 Other Labor Litigation | **FEDERAL TAX SUITS** | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [X] 442 Employment | Sentence | [ ] 791 Empl. Ret. Inc. | | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ | **Habeas Corpus:** | Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | Accommodations | [ ] 530 General | | or Defendant) | [ ] 900 Appeal of Fee |
| [ ] 245 Tort Product Liability | [ ] 444 Welfare | [ ] 535 Death Penalty | | [ ] 871 IRS—Third Party | Determination |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities – | [ ] 540 Mandamus & Other | **IMMIGRATION** | 26 USC 7609 | Under Equal Access |
| | Employment | [ ] 550 Civil Rights | [ ] 462 Naturalization Application | | to Justice |
| | [ ] 446 Amer. w/Disabilities – | [ ] 555 Prison Condition | [ ] 463 Habeas Corpus – | | [ ] 950 Constitutionality of |
| | Other | | Alien Detainee | | State Statutes |
| | [ ] 440 Other Civil Rights | | [ ] 465 Other Immigration | | |
| | | | Actions | | |

### V.  ORIGIN (Place an "X" in One Box Only)

[X] 1  Original Proceeding

[ ] 2  Removed from State Court

[ ] 3  Remanded from Appellate Court

[ ] 4  Reinstated or Reopened

[ ] 5  another district (specify)   Transferred from

[ ] 6  Multidistrict Litigation

[ ] 7  Judge from Magistrate Judgment   Appeal to District

### VI.  CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C §2000e-5(f)(3) [Title VII, Civil Rights Act of 1964]; 42 U.S.C §1981a [Title I, Civil Rights Act of 1991]

Brief description of cause:
Unlawful employment practices on the basis of sex discrimination and retaliation.

### VII.  REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23      DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  [X] Yes [ ] No

### VIII.  RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

### IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2) (PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND      [ ] SAN JOSE      [ ] EUREKA

DATE
9/28/2011    9/28/2011

SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

FILED

2011 SE. 29 A 10: 29

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  WILLIAM R. TAMAYO -- #084965 (CA)
   JONATHAN T. PECK -- #12303 (VA)
2  DAVID F. OFFEN-BROWN – #63321 (CA)
   CINDY O'HARA -- #114555 (CA)
3  EQUAL EMPLOYMENT OPPORTUNITY
   COMMISSION
4  San Francisco District Office
   350 The Embarcadero, Suite 500
5  San Francisco, California 94105
   Telephone:  (415) 625-5653
6  Facsimile:  (415) 625-5657
   cindy.ohara@eeoc.gov
7
   Attorneys for Plaintiff EEOC
8

**E-filing**

MEJ

9
10
11

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

12
13  EQUAL EMPLOYMENT OPPORTUNITY
    COMMISSION,

14              Plaintiff,

15  v.

16  **DESTINATION HOTELS & RESORTS,
    INC., dba Resort at Squaw Creek,**

17              Defendant.

18

Civil Action No. **4816**

**COMPLAINT**

Civil Rights - Employment
Discrimination

DEMAND FOR JURY TRIAL

19              **NATURE OF THE ACTION**

20      This action is brought pursuant to Title VII or the Civil Rights Act of 1964 and

21  Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the

22  basis of sex and retaliation, and to provide appropriate relief to Shira Garfinkel who was

23  adversely affected by such practices. Defendant Destination Hotels & Resorts, Inc., dba

24  Resort at Squaw Creek, subjected Ms. Garfinkel to unlawful discrimination (harassment)

25  based on her sex and to unlawful retaliation after she expressed her opposition to the

26  unlawful discrimination.

27  //

28  //

1

## JURISDICTION AND VENUE

2      1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331,
3 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section
4 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §
5 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42
6 U.S.C. § 1981a.

7      2.    The unlawful employment practices alleged herein were committed in the
8 State of California, thus venue is proper "in any judicial district in the State in which the
9 unlawful employment practice is alleged to have been committed." (Section 706(f)(3) of
10 Title VII, 42 U.S.C. § 2000e-5(f)(3)). Venue is therefore proper in the United States
11 District Court for the Northern District of California.

12

## INTRADISTRICT ASSIGNMENT

13      3.    This action is appropriate for assignment to San Francisco/Oakland as the
14 administrative charges underlying this case were investigated in the San Francisco
15 District Office of Plaintiff Equal Employment Opportunity Commission, and the records
16 related to that investigation are in San Francisco.

17

## PARTIES

18      4.    Plaintiff, the Equal Employment Opportunity Commission
19 ("Commission") is the agency of the United States of America charged with the
20 administration, interpretation and enforcement of Title VII, and is expressly authorized
21 to bring this action by Section 706(f)(1) and (3) of Title VII, § 2000-e(f)(1) and (3).

22      5.    Defendant Destination Hotels & Resorts, Inc., dba Resort at Squaw Creek,
23 ("Defendant") is a California corporation, doing business in the State of California, and
24 has continuously had at least 15 employees.

25      6.    At all relevant times, Defendant has continuously been an employer
26 engaged in an industry affecting commerce, within the meaning of Section 701(b), (g)
27 and (h) of Title VII, 42 U.S.C. § 2000-e(b), (g) and (h).
28 //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF CLAIMS

### FIRST CLAIM FOR RELIEF

#### Violation of Title VII of Civil Rights Act Based on Sex Discrimination

7.     More than thirty days prior to the institution of this lawsuit, Charging Party Shira Garfinkel ("Charging Party") filed a charge with Plaintiff Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least December 2005, Defendant has engaged in unlawful practices of sex discrimination in violation Section 703(a) of Title VII, 42 U.S.C. §2000e-2(a)(1) by subjecting Charging Party to sex discrimination in the form of hostile environment sex harassment. Charging Party, who was employed by Defendant in the Resort at Squaw Creek, was subjected to sexual harassment from a coworker, which included but was not limited to repeated and persistent attempts on the part of the coworker to get Charging Party to date and otherwise enter into a personal relationship with him, unwelcome touching, and other actions which would not have occurred but for Charging Party's sex. When Charging Party repeatedly rejected the coworker's propositions, the hostile environment escalated to threats of physical violence by the harasser against Charging Party. Although Charging Party complained to her manager, assistant manager, and human resources representative regarding the coworkers's harassment, said officials failed and refused to take prompt and effective action to stop the harassment and/or prevent the harassment from continuing.

9.     The effect of the actions complained of in paragraph 8 above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of  sex.

10.     The unlawful employment practices complained of in paragraph 8 above were intentional.

11.     The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of

1  Charging Party.

2  <u>**SECOND CLAIM FOR RELIEF**</u>

3  **Violation of Title VII of Civil Rights Act Based on Retaliation**

4  12.    Plaintiff Commission hereby incorporates the allegations of paragraphs 1

5  through 8 above as though fully set forth herein.

6  13.    In addition to the above-referenced discrimination, Defendant engaged in

7  unlawful employment practices in violation of Section 704(a) of Title VII, 42 U.S.C.

8  §2000-e-3(a) by subjecting Charging Party to retaliation after she opposed the sex

9  discrimination referenced herein at paragraph 8 by taking actions including but not

10  limited to complaining to her manager, assistant manager and human resources

11  representative; including but not limited to a retaliatory transfer which resulted in the

12  loss of hours, pay and/or seniority.

13  14.    The effect of the actions complained of in paragraph 13 above has been to

14  deprive Charging Party of equal employment opportunities and otherwise adversely

15  affect her status as an employee because of her protected activity.

16  15.    The unlawful employment practices complained of in paragraph 13 above

17  were intentional.

18  16.    The unlawful employment practices complained of in paragraph 13 above

19  were done with malice or with reckless indifference to the federally protected rights of

20  Charging Party.

21  <u>**PRAYER FOR RELIEF**</u>

22  Wherefore, the Commission respectfully requests that this Court:

23  A.    Grant a permanent injunction enjoining Defendant, its officers, successors,

24  assigns, and all persons acting in concert or participation with it, from engaging in

25  discrimination based on sex and retaliation against its employees.

26  B.    Order Defendant to institute and carry out policies, practices, and

27  programs which prohibit sex discrimination, including harassment, and retaliation, and

28  which eradicate the effects of its unlawful employment practices.

1    C.    Order Defendant to make whole Charging Party by providing appropriate
2  back pay and benefits with prejudgment interest, and other affirmative relief necessary
3  to eradicate the effects of its unlawful employment practices, in amounts to be
4  determined at trial.

5    D.    Order Defendant to make whole Charging Party by providing
6  compensation for past and future pecuniary losses resulting from the unlawful
7  employment practices complained of above, including but not limited to such out-of-
8  pocket expenses as medical care necessitated by Defendant's unlawful conduct, in
9  amounts to be determined at trial.

10    E.    Order Defendant to make whole Charging Party by providing
11  compensation for past and future nonpecuniary losses resulting from the unlawful
12  practices complained of above including, but not limited to emotional pain and
13  suffering, inconvenience, loss of enjoyment of life and humiliation, in amounts to be
14  determined at trial.

15    F.    Order Defendant to pay Charging Party punitive damages for the
16  malicious and reckless conduct described above, in amounts to be determined at trial.

17    G.    Grant such further relief as the Court may deem just and proper in the
18  public interest.

19  //
20  //
21  //
22  //
23  //
24  //
25  //
26  //
27  //
28  //

1        H.    Award the Commission its costs of this action.

2                              **DEMAND FOR JURY TRIAL**

3        Pursuant to the provisions of Federal Rule of Civil Procedure 38(b), Plaintiff

4    hereby demands a jury trial.

5                                          P. David Lopez
                                           General Counsel
6
                                           JAMES L. LEE
7                                          Deputy General Counsel

8                                          GWENDOLYN YOUNG REAMS
                                           Associate General Counsel
9
                                           EQUAL EMPLOYMENT OPPORTUNITY
10                                         COMMISSION
                                           Office of the General Counsel
11                                         Washington, DC 20507

12
     Dated:   9/28/11
13                                         WILLIAM R. TAMAYO
                                           Regional Attorney
14

15
     Dated:   9/27/11
16                                         DAVID OFFEN-BROWN
                                           Supervisory Trial Attorney
17

18
     Dated: Sept. 27, 2011
19                                         CINDY O'HARA
                                           Senior Trial Attorney
20

21

22

23

24

25

26

27

28

     COMPLAINT                                                                    Page 6